UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Maneekarn Kalonova, on behalf of herself and all other
persons similarly situated,

                          Plaintiff,

    -against-

Tam Sang Inc. and Macharvadee Premwongsiri,

                         Defendants.
------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**


*Jury Trial Demanded*

Plaintiff, Maneekarn Kalonova ("Plaintiff"), by and through her attorneys, the Romero Law Group PLLC, on behalf of herself and all other persons similarly situated, complaining of the Defendants, Tam Sang Inc., and Macharvadee Premwongsiri (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Defendants are engaged in the restaurant business. Plaintiff performed non-exempt work for the Defendants.  Plaintiff regularly worked more than 40 hours in a workweek but was not paid overtime at the rate of one and one-half times the regular rate of pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA").

2.      Plaintiff brings this action under the FLSA on behalf of herself and all similarly situated current and former employees who elect to opt into the action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory interest, and reasonable attorneys' fees and costs incurred in the action.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Southern District of New York.

## PARTIES

6.      Defendant, Tam Sang Inc., is a domestic business corporation that operates a restaurant located in Manhattan.

7.      At all times relevant, Defendants are engaged in the restaurant business and are an "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

8.      At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

9.      Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

10.     At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

11.     Plaintiff was employed as by Defendants as a server.  Plaintiff's job duties included serving food and beverages.  In performing her duties, Plaintiff handled or worked with goods,

such as fruit, grains, beef, poultry, fish, and cookware and cooking utensils which undoubtedly moved in interstate commerce

12.    At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

13.    At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

14.    At all relevant times, Defendant, Macharvadee Premwongsiri, was a shareholder and/or officer of Tam Sang Inc., had authority to make payroll and personnel decisions for Tam Sang Inc., and was active in the day-to-day management of Tam Sang Inc., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.  Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

## COLLECTIVE ACTION ALLEGATIONS

15.    At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refuSang to pay them overtime pay for all hours worked in excess of forty (40) each week.

16.    Plaintiff brings FLSA claims on behalf of herself and all persons similarly situated who work or have worked in non-exempt positions, such as severs, waiters, waitresses, bussers, food runners, expediters, bartenders, cooks, preppers and dishwashers, who give their consent in

writing to become plaintiffs and who worked at Defendants' restaurant at any time during the three (3) years prior to the filing of their respective consent forms.

17. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

18. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, severs, waiters, waitresses, bussers, food runners, expediters, bartenders, cooks, preppers and dishwashers, at any time during the three (3) years prior to the filing of their respective consent forms.

19. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**STATEMENT OF FACTS**

20.    Plaintiff was employed by Defendants as a server from July 2022 to April 2025. Plaintiff performed non-exempt duties for the Defendants including waiting tables and serving food and beverages.

21.    Plaintiff regularly worked more than 40 hours in a workweek.  Plaintiff regularly worked from 11:00 am until 9:00 pm Monday, Wednesday and Friday and from 12:00 pm until 9:00 pm on Saturday and Sunday.

22.    Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week at the rate of one and one-half times Plaintiff's regular rate of pay.

23.    Defendants paid Plaintiff for 20 hours each workweek by check at $15 per hour.

24.    Defendants paid Plaintiff the remainder of her wages via electronic funds transfer. Defendants paid Plaintiff $145 per day for 10-hour shifts and $110 to $120 for 9-hour shifts.

25.    Defendants paid Plaintiff a rate of pay that fell below the statutory minimum wage. Defendants paid Plaintiff at an hourly rate of pay below the NYLL minimum wage.

26.    Defendants withheld 40% of Plaintiff's tips and redistributed them to non-tipped employees.

27.    Defendants withheld 5% of Plaintiff's credit card tips in violation of Section 193 of the New York Labor Law.

28.    Defendants regularly required Plaintiff to perform non-tipped duties, including, inter alia, cleaning the restaurant. Plaintiff frequently performed a substantial amount of non-tipped work during her shifts, commonly in excess twenty percent of her time worked during her shifts and therefore in excess of the amount permitted for a tipped-rate employee by applicable

law and regulations. Notwithstanding this, Defendants frequently paid Plaintiff at a reduced tipped rate of pay for time spent performing non-tipped work.

29.     Defendants failed to accurately record the correct amount of tips received by Plaintiff and other tipped employees each workweek.

30.     Defendants were not entitled to pay Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate under the NYLL.

31.     Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate.

32.     Plaintiff regularly worked a workday that was longer than 10 hours from its start to its finish.

33.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which the spread of hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6.

34.     Defendants failed to provide Plaintiff upon hire with an accurate written notice of her rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

35.     Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

36.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

37.    Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent she had been underpaid and seeking payment for the precise amount of her unpaid wages.

38.    As a result, Plaintiff was deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier.  Plaintiff was unable to determine how much she had been underpaid throughout her employment.  Plaintiff would have asserted her claim sooner if accurate statements had been provided.

39.    Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments she seeks to recover in this action, but also resulted the continued practice of paying Plaintiff less than one and one-half times her regular rate for hours that she worked after 40 hours per workweek.

## FIRST CLAIM FOR RELIEF
## FLSA OVERTIME WAGES

40.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41.    Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Collective Action Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

42.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

7

43. Plaintiff and Collective Action Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NYLL OVERTIME WAGES

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of NYLL.

46. By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL.

47. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NYLL MINIMUM WAGES

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants failed to pay Plaintiff and Class Members the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

50. Defendants' violations of the NYLL have been willful and intentional.

8

51.     Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### NYLL § 193 VIOLATION

52.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants made unauthorized deductions to Plaintiff's wages in violation of NYLL § 193.

54.     Defendants' violations of the NYLL have been willful and intentional.

55.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts deducted from her wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FIFTH CLAIM FOR RELIEF
### NYLL § 196d VIOLATION

56.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Defendants withheld gratuities that were intended for Plaintiff in violation of NYLL § 196-d.

58.     Defendants' violations of the NYLL have been willful and intentional.

59.     Plaintiff is entitled to recover from Defendants the amounts deducted from her wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## NYLL SPREAD OF HOURS

60.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendants willfully failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y.C.C.R. 12 § 146-1.6 and NYLL.

62.     Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## SEVENTH CLAIM FOR RELIEF
## NYLL WAGE NOTICE

63.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Defendants failed to provide Plaintiff upon hire with accurate written notice of her rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

65.     Plaintiff is entitled to recover statutory damages from Defendants.

## EIGHTH CLAIM FOR RELIEF
## NYLL WAGE STATEMENT

66.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67.     Defendants failed to furnish Plaintiff with an accurate statement of her wages with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

10

68.     Plaintiff is entitled to recover statutory damages from Defendants.

## JURY DEMAND

69.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Plaintiff demands a jury by trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i)     Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii)   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)    Designation of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

(v)     Unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(vi)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vii)   All attorneys' fees and costs incurred in prosecuting these claims; and

(viii)  Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
      February 26, 2026

ROMERO LAW GROUP PLLC

*/s/ Peter A. Romero*

By: _____

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

12