**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Maneekarn Kalonova, on behalf of herself and all other persons similarly situated,**

**Plaintiff,**

**-against-**

**Tam Sang Inc., et al.,**

**Defendants.**

**1:25-cv-10263 (PAE) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Plaintiff Maneekarn Kalonova ("Plaintiff") in this wage-and-hour case seeking (1) to compel responses by Defendants Tam Sang Inc. and Macharvadee Premwongsiri (collectively, "Defendants") to Plaintiff's document requests; (2) to award discovery sanctions against Defendants; and (3) to extend the December 2, 2026 deadline for fact discovery. (Pl.'s 10/30/26 Ltr. Mot., ECF Nos. 30 & 31.)[1] For the reasons set forth below, Plaintiff's Letter Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On December 11, 2025, Plaintiff filed this action against Defendants asserting claims under the Fair Labor Standards Act and the New York Labor Law. (Compl., ECF No. 1, ¶¶ 40-68.) On February 26, 2026, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 9.) On March 24, 2026, a Case Management Plan was entered setting the deadline for fact discovery as October

[1] Plaintiff filed the same Letter Motion at both ECF No. 30 and ECF No. 31. ECF No. 30 has no exhibits and ECF No. 31 contains Exhibits A and B.

23, 2026.[2] (Case Mgt. Plan, ECF No. 16, at 2.) The Case Management Plan provided that depositions would be completed by September 18, 2026 and limited depositions to three per party. (*See id.*)

On May 12, 2026, Plaintiff served her First Request for Production of Documents and her First Set of Interrogatories. (*See* Pl.'s 10/30/26 Ltr. Mot. at 1.) On June 12, 2026, Defendants served responses to Plaintiff's First Set of Interrogatories and their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). (*See id.*)

On August 18, 2026, Defendant's counsel filed a status letter, with the consent of Peter Romero, Esq.,[3] stating: "Currently paper discovery has been exchanged between the parties." (8/18/26 Ltr., ECF No. 24.) According to Plaintiff, Defendants never served written responses to Plaintiff's document requests (*see* Pl.'s 10/30/26 Ltr. Mot. at 3) but the August 18, 2026 joint status letter nowhere stated that Defendants had failed to serve such responses. (*See* 8/18/26 Ltr.) The August 18 letter also requested that the discovery deadline be extended for 45 days. (*See id.*) On August 18, 2026, the Court extended the discovery deadline to October 2, 2026.[4] (10/2/26 Mem. End., ECF No. 24.)

On September 30, 2026, Attorney Romero filed a Letter Motion, with the consent of Defendants, requesting that the discovery deadline be further extended to December 2, 2026. (9/30/26 Ltr. Mot., ECF No. 27.) The Letter Motion stated that the discovery remaining to be

---

[2] The Case Management Plan stated that the parties did not anticipate utilizing experts, such that no deadline for expert discovery was set. (*See* Case Mgt. Plan at 3.)

[3] As of August 18, 2026, Attorney Romero was the only counsel of record for Plaintiff.

[4] On August 18, 2026, the Court entered an Order referring this case for mediation (*see* 8/18/26 Order, ECF No. 25) but no mediation was held. According to Plaintiff, Defendants failed to appear for mediation. (*See* Pl.'s 10/30/26 Ltr. Mot. at 2.)

conducted "include[d] Defendants' response to Plaintiff's Request for the Production of Documents and depositions." (*See id*.) On October 1, 2026, the Court entered an Order extending the deadline for completion of discovery to December 2, 2026, and stating: "The parties should not expect any further extensions." (10/1/26 Order, ECF No. 28.) On October 7, 2026, David Barnhorn, Esq. filed a notice of appearance in this action. (Not. of Appear., ECF No. 29.)

On October 30, 2026, Attorney Barnhorn filed the Letter Motion that currently is before the Court. (*See* Pl.'s 10/30/26 Ltr. Mot.) Under the Court's Individual Practices, any opposition from Defendants was due by November 4, 2026 (*i.e.*, within three business days) but no opposition was filed.

**DISCUSSION**

The three aspects of Plaintiff's motion are addressed in turn below.

## I. Motion To Compel Responses To Document Requests

Rule 34 of the Federal Rules of Civil Procedure requires a written response or objection to each item or category of documents requested. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022) (citing Fed. R. Civ. P. 34(b)(2)(B)). Because Defendants have not provided such responses, they are in violation of Rule 34. Accordingly, no later than November 12, 2026, Defendants shall serve written responses to Plaintiff's document requests.

Rule 34 also requires the production of responsive documents within a reasonable time. *See* Fed. R. Civ. P. 34(b)(2)(B). According to Plaintiff, Defendants thus far only have produced 17 pages of documents. (*See* Pl.'s 10/30/26 Ltr. Mot. at 1.) No later than November 12, 2026,

Defendants shall produce any remaining documents responsive to Plaintiff's document requests that are in their possession, custody or control.

## II. Motion For Sanctions

Under Rule 37 of the Federal Rules of Civil Procedure, if a party moves to compel a discovery response, and the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). As set forth above, the Court has granted Plaintiff's motion, and now is providing Defendants with their opportunity to be heard. No later than November 12, 2026, Defendants shall show cause in a writing filed to the ECF docket why sanctions should not be imposed upon Defendants and/or their counsel for failing to serve written responses to Plaintiff's document requests.

## III. Motion For Extension Of Discovery Deadline

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b)(4) "good cause" inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment. *See Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007) (citation omitted). The burden of demonstrating good cause rests with the movant. *See Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation omitted).

Plaintiff has failed to show good cause for an additional extension of the December 2 discovery deadline. Plaintiff has not shown diligence with respect to discovery in this action. Plaintiff waited until after the second discovery extension to make her motion to compel with respect to Defendants' response to Plaintiff's document requests that were due months earlier. If Plaintiff shows diligent efforts to take depositions prior to the current December 2 deadline,[5] then she may renew her motion for another discovery extension. Accordingly, her motion for a discovery extension is denied without prejudice.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Letter Motion (ECF Nos. 30 & 31) is GRANTED IN PART and DENIED IN PART. No later than November 12, 2026, Defendants shall (1) serve written responses to Plaintiff's document requests and shall produce any remaining responsive documents, and (2) show cause in a writing filed to the ECF docket why sanctions should not be imposed upon Defendants and/or their counsel for failing to serve written responses to Plaintiff's document requests. Plaintiff's motion for an extension of the discovery deadline is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated: New York, New York
November 5, 2026

STEWART D. AARON
United States Magistrate Judge

[5] Plaintiff makes reference to at least six depositions (*see* Pl.'s 10/30/26 Ltr. Mot. at 4 n.1) but each side is limited by the Case Management Plan to three depositions. (*See* Case Mgt. Plan at 2.)